**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARSHAWN JARRET,<br><br>**Plaintiff**,<br><br>vs.<br><br>OFFICER GAMMONELY, OFFICER SOTO, OFFICER BERRY, OFFICER MARTINEZ, & the CITY OF CHICAGO<br><br>**Defendants**. | Case No.: |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, MARSHAWN JARRET, by and through one of his attorneys, Robert Kroeger, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of DEFENDANTS, OFFICER GAMMONLEY, OFFICER SOTO, OFFICER BERRY, OFFICER MARTINEZ (collectively "INDIVIDUAL DEFENDANTS"), and the CITY OF CHICAGO states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. § 1331 and § 1343(a); and the Constitution of the United States.

2. Pendent and supplementary jurisdiction as to PLAINTIFF's state law claims are invoked pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b), as the event complained of occurred exclusively in this District.

## PARTIES

4. PLAINTIFF MARSHAWN JARRET (hereinafter "PLAINTIFF") is a resident of the State of Illinois and a citizen of the United States.

5. At all relevant times, DEFENDANT CITY OF CHICAGO was the principal employer of all INDIVIDUAL DEFENDANTS and is a local public entity as defined by the Illinois Tort Immunity Act.

6. At all relevant times, DEFENDANT GAMMONLEY was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

7. At all relevant times, DEFENDANT SOTO was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

8. At all relevant times, DEFENDANT BERRY was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

9. At all relevant times, DEFENDANT MARTINEZ was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

## FACTS

10. On August 9, 2019, PLAINTIFF was a back-seat passenger in a vehicle that DEFENDANT GAMMONELY and DEFENDANT SOTO pulled over.

11. DEFENDANT GAMMONELY asked PLAINTIFF to remove himself from the vehicle and PLAINTIFF complied.

12. DEFENDANT GAMMONLEY performed a search of the vehicle.

13. DEFENDANT GAMMONLEY did not recover any evidence of criminal activity during the search.

14. DEFENDANT GAMMONELY told PLAINTIFF to return to the vehicle.

15. PLAINTIFF returned to the vehicle.

16. After PLAINTIFF returned to the vehicle, DEFENDANT GAMMONLEY forcibly removed PLAINTIFF from the vehicle.

17. DEFENDANT GAMMONLEY pushed PLAINTIFF up against DEFENDANT GAMMONLEY'S police vehicle.

18. DEFENDANT GAMMONLEY then pulled PLAINTIFF away from DEFENDANT GAMMONELY'S police vehicle.

19. PLAINTIFF attempted to prevent himself from falling to the ground.

20. DEFENDANT GAMMONLEY then performed a takedown on PLAINTIFF.

21. DEFENDANT GAMMONLEY'S use of force was unreasonable.

22. DEFENDANT GAMMONLEY'S use of force was excessive.

23. DEFENDANT SOTO witnessed DEFENDANT GAMMONLEY take down PLAINTIFF.

24. DEFENDANT SOTO had a reasonable opportunity to prevent DEFENDANT GAMMONLEY'S use of force.

25. DEFENDANT SOTO did not attempt to prevent DEFENDANT GAMMONLEY's use of force.

26. DEFENDANT BERRY witnessed DEFENDANT GAMMONLEY take down PLAINTIFF.

27. DEFENDANT BERRY had a reasonable opportunity to prevent DEFENDANT GAMMONLEY'S use of force.

28. DEFENDANT BERRY did not attempt to prevent DEFENDANT GAMMONELY'S use of force.

29. DEFENDANT MARTINEZ witnessed DEFENDANT GAMMONLEY take down PLAINTIFF.

30. DEFENDANT MARTINEZ had a reasonable opportunity to prevent DEFENDANT GAMMONELY'S use of force.

31. DEFENDANT MARTINEZ did not attempt to prevent DEFENDANT GAMMONELY's use of force.

32. PLAINTIFF suffered a concussion and a laceration to his wrist as a result of DEFFENDANT GAMMONELY'S use of force.

## COUNT I
### Fourth Amendment – Excessive Force
### (Against DEFENDANT GAMMONLEY)

33. PLAINTIFF re-alleges paragraphs 1-32 as fully set forth above.

34. DEFENDANT GAMMONLEY'S actions in using excessive force unto PLAINTIFF amounted to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

35. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFF to suffer physical injury, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor against DEFENDANT GAMMONLEY and award PLAINTIFF compensatory damages, punitive damages, costs, and attorney attorney's fees against, as well as any other relief this Court deems just and equitable.

## COUNT II
### State Law Battery Claim
### (Against DEFENDANT GAMMONLEY)

36. PLAINTIFF re-alleges paragraphs 1-32 as fully set forth above.

37. DEFENDANT GAMMONELY, as alleged above, battered PLAINTIFF by harmfully applying force to his body without consent.

38. The action of DEFENDANT GAMMONELY were the direct and proximate cause of PLAINTIFF'S injuries.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT GAMMONELY and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

## COUNT III
### Fourteenth Amendment – Failure to Intervene
### (Against DEFENDANT SOTO, DEFENDANT BERRY, & DEFENDANT MARTINEZ)

39. PLAINTIFF re-alleges paragraphs 1-35 as fully set forth above.

40. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ knew that DEFENDANT GAMMONLEY'S use of force against PLAINTIFF was excessive and unreasonable.

41. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ had a realistic opportunity to prevent DEFENDANT GAMMONLEY from using excessive force against PLAINTIFF.

42. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ took no actions to prevent DEFENDANT GAMMONLEY from using excessive force against PLAINTIFF.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

## COUNT IV
### State Law Indemnification
### (Against DEFNDANT CITY OF CHICAGO)

43. PLAINTIFF re-alleges paragraphs 1-42 as fully set forth above.

44. The aforementioned acts of INDIVIDUAL DEFENDANTS were committed under the color of law.

45. INDIVIDUAL DEFENDANTS committed the aforementioned acts within their scope of employment with DEFENDANT CITY OF CHICAGO.

WHEREFORE, should any of the INDIVIDUAL DEFENDANTS be found liable for any claims alleged in this Complaint, PLAINTIFF demands that pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANTS.

## JURY DEMAND

The PLAINTIFF demands a trial by jury.

Respectfully submitted,

*s/Robert Kroeger*
An Attorney for the Plaintiff

Blake Horwitz, Esq.
Robert Kroeger, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741