**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARSHAWN JARRET, **Plaintiff**, vs. OFFICER GAMMONELY, OFFICER SOTO, OFFICER BERRY, OFFICER MARTINEZ, & the CITY OF CHICAGO **Defendants**. | Case No.: 1:20-cv-03876 Judge Elaine E. Bucklo Magistrate Judge Jeffrey Cole |

**SECOND AMENDED COMPLAINT**

NOW COMES the PLAINTIFF, MARSHAWN JARRET, by and through one of his attorneys, Robert Kroeger, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of DEFENDANTS, OFFICER GAMMONELY, OFFICER SOTO, OFFICER BERRY, OFFICER MARTINEZ (collectively "INDIVIDUAL DEFENDANTS"), and the CITY OF CHICAGO states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. § 1331 and § 1343(a); and the Constitution of the United States.

2. Pendent and supplementary jurisdiction as to PLAINTIFF's state law claims are invoked pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b), as the event complained of occurred exclusively in this District.

1

## PARTIES

4. PLAINTIFF MARSHAWN JARRET (hereinafter "PLAINTIFF") is a resident of the State of Illinois and a citizen of the United States.

5. At all relevant times, DEFENDANT CITY OF CHICAGO was the principal employer of all INDIVIDUAL DEFENDANTS and is a local public entity as defined by the Illinois Tort Immunity Act.

6. At all relevant times, DEFENDANT GAMMONELY was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

7. At all relevant times, DEFENDANT SOTO was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

8. At all relevant times, DEFENDANT BERRY was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

9. At all relevant times, DEFENDANT MARTINEZ was acting under the color of law, within his individual capacity, and in the scope of his employment with DEFENDANT CITY OF CHICAGO.

## FACTS

10. On August 29, 2019, PLAINTIFF was a back-seat passenger in a vehicle that DEFENDANT GAMMONELY and DEFENDANT SOTO pulled over.

11. DEFENDANT GAMMONELY asked PLAINTIFF to remove himself from the vehicle and PLAINTIFF complied.

12. DEFENDANT GAMMONELY performed a search of the vehicle.

13. DEFENDANT GAMMONELY did not recover any evidence of criminal activity during the search.

14. DEFENDANT GAMMONELY told PLAINTIFF to return to the vehicle.

15. PLAINTIFF returned to the vehicle.

16. After PLAINTIFF returned to the vehicle, DEFENDANT GAMMONELY forcibly removed PLAINTIFF from the vehicle.

17. DEFENDANT GAMMONELY pushed PLAINTIFF up against DEFENDANT GAMMONELY'S police vehicle.

18. DEFENDANT GAMMONELY then pulled PLAINTIFF away from DEFENDANT GAMMONELY'S police vehicle.

19. PLAINTIFF attempted to prevent himself from falling to the ground.

20. DEFENDANT GAMMONELY then performed a takedown on PLAINTIFF.

21. DEFENDANT GAMMONELY'S use of force was unreasonable.

22. DEFENDANT GAMMONELY'S use of force was excessive.

23. DEFENDANT GAMMONELY arrested PLAINTIFF.

24. DEFENDANT GAMMONELY arrested PLAINTIFF absent probable cause.

25. DEFENDANT SOTO witnessed DEFENDANT GAMMONELY take down PLAINTIFF.

26. DEFENDANT SOTO had a reasonable opportunity to prevent DEFENDANT GAMMONELY'S use of force.

27. DEFENDANT SOTO did not attempt to prevent DEFENDANT GAMMONELY's use of force and/or the arrest of PLAINTIFF.

28. DEFENDANT BERRY witnessed DEFENDANT GAMMONELY take down PLAINTIFF.

29. DEFENDANT BERRY had a reasonable opportunity to prevent DEFENDANT GAMMONELY'S use of force.

30. DEFENDANT BERRY did not attempt to prevent DEFENDANT GAMMONELY'S use of force and/or the arrest of PLAINTIFF.

31. DEFENDANT MARTINEZ witnessed DEFENDANT GAMMONELY take down PLAINTIFF.

32. DEFENDANT MARTINEZ had a reasonable opportunity to prevent DEFENDANT GAMMONELY'S use of force.

33. DEFENDANT MARTINEZ did not attempt to prevent DEFENDANT GAMMONELY's use of force and/or the arrest of PLAINTIFF.

34. Subsequent to PLAINTIFF's arrest, PLAINTIFF was charged with a crime.

35. On September 30, 2019, the criminal proceedings against PLAINTIFF were terminated in his favor.

36. PLAINTIFF suffered a concussion and a laceration to his wrist because of DEFFENDANT GAMMONELY'S use of force.

## COUNT I
### Fourth Amendment – Excessive Force
### (Against DEFENDANT GAMMONELY)

37. PLAINTIFF re-alleges paragraphs 1-33 as fully set forth above.

38. DEFENDANT GAMMONELY'S actions in using excessive force unto PLAINTIFF amounted to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

39. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFF to suffer physical injury, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor against DEFENDANT GAMMONELY and award PLAINTIFF compensatory damages, punitive damages, costs, and attorney attorney's fees against, as well as any other relief this Court deems just and equitable.

## COUNT II
### Fourth Amendment – Unlawful Seizure
### (Against Defendant GAMMONELY

40. PLAINTIFF re-alleges paragraphs 1-33 as fully set forth above.

41. DEFENDANT GAMMONELY arrested PLAINTIFF.

42. DEFENDANT DAMMONELY arrested PLAINTIFF absent probable cause.

43. DEFENDANT GAMMONELY'S actions in arresting PLAINTIFF absent probable cause amounted to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

44. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFF to suffer physical injury, pain and suffering, humiliation, and emotional distress.

45. WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor against DEFENDANT GAMMONELY and award PLAINTIFF compensatory damages, punitive damages, costs, and attorney attorney's fees against, as well as any other relief this Court deems just and equitable.

## COUNT III
### State Law Battery Claim
### (Against DEFENDANT GAMMONELY)

46. PLAINTIFF re-alleges paragraphs 1-33 as fully set forth above.

47. DEFENDANT GAMMONELY, as alleged above, battered PLAINTIFF by harmfully applying force to his body without consent.

48. The action of DEFENDANT GAMMONELY were the direct and proximate cause of PLAINTIFF'S injuries.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT GAMMONELY and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

## COUNT IV
### Fourteenth Amendment – Failure to Intervene
### (Against DEFENDANT SOTO, DEFENDANT BERRY, & DEFENDANT MARTINEZ)

49. PLAINTIFF re-alleges paragraphs 1-33 and 34-36 as fully set forth above.

50. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ knew that DEFENDANT GAMMONELY'S use of force against PLAINTIFF was excessive and unreasonable.

51. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ had a realistic opportunity to prevent DEFENDANT GAMMONELY from using excessive force against PLAINTIFF.

52. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ took no actions to prevent DEFENDANT GAMMONELY from using excessive force against PLAINTIFF.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

### COUNT V
### Fourteenth Amendment – Failure to Intervene
### (Against DEFENDANT SOTO, DEFENDANT BERRY, & DEFENDANT MARTINEZ)

53. PLAINTIFF re-alleges paragraphs 1-33 and 37-42 as fully set forth above.

54. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ knew that DEFENDANT GAMMONELY'S arrest of PLAINTIFF was absent probable cause.

55. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ had a realistic opportunity to prevent DEFENDANT GAMMONELY from arresting PLAINTIFF absent probable cause.

56. DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ took no actions to prevent DEFENDANT GAMMONELY from arresting PLAINTIFF absent probable cause.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

### COUNT VI
### Malicious Prosecution – State Law
### (Against each INDIVIDUAL DEFENDANT)

57. PLAINTIFF re-alleges paragraphs 1-33 as fully set forth above.

58. The INDIVIDUAL DEFENDANTS commenced or continued an original criminal proceeding against PLAINTIFF.

59. There was no probable cause for the commencement of a criminal proceeding against PLAINTIFF.

60. The INDIVIDUAL DEFENDANTS acted with malice in commencing a criminal proceeding against PLAINTIFF.

61. The criminal proceeding was terminated in PLAINTIFF's favor.

62. As a result of the criminal proceeding initiated against PLAINTIFF, PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT GAMMONELY, DEFENDANT SOTO, DEFENDANT BERRY, and DEFENDANT MARTINEZ and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

### COUNT VII
### State Law Indemnification
### (Against DEFNDANT CITY OF CHICAGO)

63. PLAINTIFF re-alleges paragraphs 1-62 as fully set forth above.

64. The aforementioned acts of INDIVIDUAL DEFENDANTS were committed under the color of law.

65. INDIVIDUAL DEFENDANTS committed the aforementioned acts within their scope of employment with DEFENDANT CITY OF CHICAGO.

WHEREFORE, should any of the INDIVIDUAL DEFENDANTS be found liable for any claims alleged in this Complaint, PLAINTIFF demands that pursuant to 745 ILCS 10/9-102,

DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANTS.

## COUNT VIII
*Respondeat Superior – State Law Claims*
**(Against the DEFENDANT CITY OF CHICAGO)**

66. The PLAINTIFF re-alleges paragraphs 1-62 as set forth above.

67. DEFENDANT CITY OF CHICAGO is the employer of the INDIVIDUAL DEFENDANTS.

68. The aforesaid acts of the INDIVIDUAL DEFENDANTS were committed within the scope of their employment and, therefore, DEFENDANT CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

69. WHEREFORE, should any of the INDIVIDUAL DEFENDANTS be found liable for any claims alleged in this Complaint, PLAINTIFF demands DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANTS.

## JURY DEMAND

The PLAINTIFF demands a trial by jury.

Respectfully submitted,

*s/Robert Kroeger*
An Attorney for the Plaintiff

Blake Horwitz, Esq.
Robert Kroeger, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARSHAWN JARRET,<br><br>**Plaintiff**,<br><br>vs.<br><br>OFFICER GAMMONELY, OFFICER SOTO, OFFICER BERRY, OFFICER MARTINEZ, & the CITY OF CHICAGO<br><br>**Defendants**. | Case No.: 1:20-cv-03876<br><br>Judge Elaine E. Bucklo<br><br>Magistrate Judge Jeffrey Cole |

## CERTIFICATE OF SERVICE

On December 16, 2020, I, the undersigned, hereby certify that I filed the Plaintiff's Second Amended Complaint as an exhibit to Plaintiff's Motion to File a Second Amended Complaint with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's CM/ECF e-filing system, which sent notice of filing to all parties of record.

Respectfully submitted,

*s/Robert Kroeger*
An Attorney for the Plaintiff

Blake Horwitz, Esq.
Robert Kroeger, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741